MATHIS *v.* ATLANTIC COMPANY.

No. 41325          January 11, 1960          116 So. 2d 816

See briefs in Mathis v. Great Southern Wirebound Box Co., 238 Miss. 1, 116 So. 2d 813.

*W. M. Broome,* Crystal Springs, for appellant.

*Henley, Jones & Henley,* Hazlehurst, for appellee.

KYLE, J.

The Atlantic Company, a nonresident corporation, as plaintiff, sued C. D. Mathis, trading as C. D. Mathis Company, defendant, for a balance due on open account for ice sold and delivered by the plaintiff to the defendant during the months of May and June 1955. An itemized statement of the account, properly sworn to, was duly attached as an exhibit to the declaration. The account showed that three separate sales of ice were made to the plaintiff on May 27, May 31 and June 3, 1955, aggregating the sum of $2,003.64; that payments had been made on the account, which aggregated the sum of $480.00; and that the balance due on the account was $1,523.64. The defendant filed a sworn answer to the declaration and in his answer admitted that he had purchased the ice from the plaintiff, but denied that there was any agreed value on said ice for $2,003.64, and the defendant denied that he had paid only $480.00 on the account. The defendant denied that a correct

itemized statement of the account was attached to the declaration, but did not particularize in his answer or affidavit wherein the account was not correct; and the defendant denied that he was indebted to the plaintiff in any sum whatsoever.

The plaintiff filed a motion to strike the answer for the reason that the same was so indefinite and uncertain that it did not state the precise nature of the defense to the suit; that the answer did not state any defense to the suit; and that it was so framed as to delay a fair trial. The plaintiff further alleged in its motion that the answer did not contain a denial of any specific items of the account sued on, and did not set up any affirmative defense of payment. The plaintiff therefore moved that the court strike the answer and enter a default judgment in favor of the plaintiff. The court sustained the motion to strike, and an order was entered allowing the defendant seven days in which to file an amended or further answer, if he desired to do so. The defendant declined to answer further, and a default judgment was entered in favor of the plaintiff for the amount sued for with interest. The defendant then filed a motion to set aside the order striking the answer and the judgment rendered in favor of the plaintiff. The court overruled that motion and entered an order allowing an appeal to this Court.

The appellant assigns as errors: (1) The action of the trial judge in sustaining the appellee's motion to strike the appellant's answer and in entering judgment against the appellant for the amount sued for; (2) the action of the trial judge in overruling the appellant's motion to set aside the judgment in favor of the appellee; and (3) the action of the trial judge in not allowing the appellant to go to trial on the issues raised by his answer.

We think there is no merit in any of the alleged errors assigned and argued as grounds for re-

versal of the judgment of the lower court. Our decision in this case is controlled by the opinions this day rendered by the court in the companion cases of C. D. Mathis v. Great Southern Wirebound Box Comany, No. 41,324, and C. D. Mathis v. F. H. Woodruff & Sons, Inc., a Division of Associated Seed Growers, Inc., No. 41,327; and for the reasons stated in the opinions rendered in those cases the judgment of the lower court is affirmed.

Affirmed.

*McGehee, C. J.,* and *Hall, Lee* and *Holmes, JJ.,* concur.